IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PROBITY ENTERPRISES, INC., | * | CASE NO: 3:19-cv-85 |
| Plaintiff, | * | Judge Walter H. Rice |
| | | Magistrate Judge Sharon L. Ovington |
| | * | |
| vs. | | |
| | * | |
| LEGION LOGISTICS, LLC, | | |
| | * | |
| Defendant. | | |

### STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order (referred to herein individually as "Party" and collectively as "Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause, and information derived directly therefore (hereinafter collectively, "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Producing Party.** This Order and the term "Producing Party" extends to all Parties as well as any non-parties who produce records or deposition testimony in this case in response to a subpoena issued by a Party, as long as the non-party signs a copy of the "Attachment A" attached hereto. Other than as expressly provided in this Order, this provision

does not entitle any non-parties to receipt of any discovery materials exchanged between the Parties.

3. **Form and Timing of Designation.** A Producing Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (referred to herein as "Confidential") or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (referred to herein as "Highly Confidential") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation, if necessary. Documents shall be designated Confidential or Highly Confidential prior to or at the time of the production or disclosure of the documents. A Confidential or Highly Confidential designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4. **Documents That May be Designated Confidential.** Any Producing Party may designate documents as Confidential upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial or proprietary information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as Confidential.

5. **Documents That May be Designated as Highly Confidential.** Any Producing Party may designate documents as Highly Confidential upon making a good faith determination that the documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another Party may potentially cause irreparable harm.

6. **Depositions.** Deposition testimony shall be deemed Confidential or Highly Confidential only if so designated. Any designation shall be specific as to the portions of the transcript or any exhibit to be designated. Thereafter, the deposition transcripts and any portions so designated shall be protected as Confidential or Highly Confidential, pending objection, under the terms of this Order.

7. **Protection of Confidential and Highly Confidential Material.**
   a. *General Protections*. Documents designated Confidential or Highly Confidential under this Order shall not be used or disclosed by the Parties, counsel for the

Parties, or any other persons identified in Paragraphs 7(b) or 7(c) for any purpose whatsoever other than to prepare for and to conduct discovery and litigation of this action, including any appeal thereof.

b. *Limited Third-Party Disclosures for Confidential Documents.* The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential documents to any third person or entity. Subject to these requirements, however, the following categories of persons may be allowed to review documents that have been designated Confidential:

- (i) *Counsel.* Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of this action;
- (ii) *Parties.* Parties and employees of a Party to this Order;
- (iii) *Court Reporters and Recorders.* Court reporters and recorders retained for depositions;
- (iv) *Consultants, Investigators, and Experts.* Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A; and
- (v) *Others by Consent.* Other persons only by written consent of the Producing Party or upon order of the Court and only on such conditions as may be agreed or ordered. All persons shall execute the certification contained in Attachment A.

c. *Limited Third-Party Disclosures of Highly Confidential Documents.* The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Highly Confidential documents to any third person or entity. Subject to these requirements, however, the following categories of persons may be allowed to review documents that have been designated Highly Confidential:

- (i) *Counsel.* Counsel of record for the Parties in this action and their employees and agents to whom disclosure is necessary for the conduct of this action. Counsel and their employees shall hold the Highly Confidential documents in confidence and shall not disclose them, directly or indirectly, to any other person not authorized to receive them under this

3

     Order, including to any other Parties to this litigation or counsel for any Parties to this action in any other matter, directly or indirectly; and

  (ii)  <u>Consultants/Experts.</u> Any expert or consultant who is directly retained by a Party or its counsel in order to assist in the conduct of this action, but only to the extent that such disclosure is deemed reasonably necessary by counsel. The expert or consultant may retain Highly Confidential documents only for so long as is necessary for the assistance.

  (iii)  <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for deposition.

  (iv)  With respect to the persons referenced in paragraph 7(c), prior to the disclosure of any Highly Confidential material, the disclosing party shall (1) provide the person with a copy of this Order, and (2) obtain from that person written agreement to be bound by the terms of this Order in the form attached hereto as Attachment A.

d.  *<u>Control of Documents.</u>* Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as Confidential or Highly Confidential pursuant to the terms of this Order. Counsel shall maintain the originals of the Attachment A signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

e.  *<u>Copies.</u>* Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries, or descriptions of documents designated as Confidential or Highly Confidential under this Order, or any individual portion of such a document, shall be affixed with the appropriate designation if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

f.  *<u>Inadvertent Production.</u>* Inadvertent production of any document or information without a designation of Confidential or Highly Confidential shall be covered by Federal Rule of Evidence 502.

4

8. **Filing of Confidential or Highly Confidential Documents Under Seal.** Filing of documents marked Confidential or Highly Confidential or a brief, memorandum, or pleading containing information derived therefrom are subject to the following:

   a. Before any document marked as Confidential or Highly Confidential or a brief, memorandum, or pleading containing such information are filed under seal with the Clerk, the filing Party shall first consult with the Producing Party to determine whether, with the consent of that Party, the document may be filed with the Court not under seal.

   b. Where agreement is not possible or adequate, before such document is filed with the Clerk, the filing Party must obtain leave of Court pursuant to S.D. Ohio Civ. R. 5.2.1.

   c. Upon obtaining leave of Court, the filing Party must then file the documents under seal electronically using the ECF system as provided for in S.D. Ohio Civ. R. 5.1 and under the Court's guidelines for filing electronic documents under seal.

9. **Challenges by a Party to Designation as Confidential or Highly Confidential.** By agreeing to this Order, no Party is agreeing that any other Party actually has information that should be or is properly designated as Confidential, Highly Confidential, or otherwise protected from public view. Nothing in this Order shall prejudice, in any way, the rights of a Party to seek a determination by the Court as to whether any information or material should be subject to the terms of this Protective Order.

Any Confidential or Highly Confidential designation is subject to challenge by any Party or non-party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. As part of the meet and confer process, the Producing Party will provide the objecting Party a written statement of the specific basis for the designation as to each document. If agreement is reached confirming or waiving the Confidential or Highly Confidential designation as to any documents subject to the objection, the Producing Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

10. **Action by the Court.** Applications to the Court for an order relating to any documents designated Confidential or Highly Confidential shall be by motion. Nothing in this

Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present at trial Confidential or Highly Confidential documents or information derived therefrom, such Party shall provide advance notice to the producing Parties not later than 5 days prior to the final pretrial conference by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.). The producing Party shall then ask the Court to make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

   a. *Order Remains in Effect.* Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. *Return of Confidential or Highly Confidential Documents.* Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as Confidential or Highly Confidential under this Order, including copies as defined in Paragraph 7(e), shall be destroyed. Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index that refers or relates to information designated Confidential or Highly Confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of such documents.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential or Highly Confidential by counsel or the Parties is subject to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**SO ORDERED.**

Date: July 27, 2021

                                                 Judge Walter H. Rice
                                                 Magistrate Judge Sharon L. Ovington

AGREED TO BY:

/s/ James H. Greer
James H. Greer, Trial Attorney
Atty Reg. No: 0046555
David C. Greer, Trial Attorney
Atty Reg. No: 0009090
*Attorneys for Plaintiff*
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402
Tel: (937) 250-7779
Email: jhg@biesergreer.com;
dcg@biesergreer.com
Fax: (937) 223-6339

/s/ Thomas W. Jacobs
Elliott Stapleton, Trial Attorney
Atty Reg No: 0043618
Thomas W. Jacobs, Trial Attorney
Atty Reg No: 0082857
*Attorneys for Defendant Legion Logistics, LLC*
Cornetet, Meyer, Rush & Stapleton, Co., LPA
123 Boggs Lane
Cincinnati, OH 45246
Tel: (513) 771-2444
estapleton@cmrs-law.com;
tjacobs@cmrs-law.com
Fax: (513) 771-2447

/s/Wm. Eric Minamyer
Wm. Eric Minamyer
Atty Reg. No: 0015677
*Co-Counsel for Plaintiff*
6745 Adena Circle
Maineville, OH 45039
Tel: (513) 885-6294
Email: ericminamyer@gmail.com
Fax: (513) 774-7268

Gary F. Franke, Trial Attorney
Atty Reg No: 0029793
*Attorney for Defendant Legion Logistics, LLC*
120 E. Fourth Street, Suite 1040
Cincinnati, OH 45202
Tel: (513) 564-9222
gff@garyfrankelaw.com
Fax: (513) 564-9990

**CERTIFICATE OF SERVICE**

    I hereby certify that on the ____ day of July, 2021, I electronically filed the foregoing with the United States District Court, Southern District of Ohio by using the ECF system which will send a notice of electronic filing to the following:

Elliott Stapleton, Esq.
Thomas W. Jacobs, Esq.
Cornetet, Meyer, Rush & Stapleton, Co., LPA
123 Boggs Lane
Cincinnati, OH 45246
estapleton@cmrs-law.com;
tjacobs@cmrs-law.com
*Trial Attorney for Defendant Legion Logistics, LLC*

Gary F. Franke, Esq.
120 E. Fourth Street, Suite 1040
Cincinnati, OH 45202
gff@garyfrankelaw.com
*Trial Attorney for Defendant Legion Logistics, LLC*

Wm. Eric Minamyer, Esq.
6745 Adena Circle
Maineville, OH 45039
ericminamyer@gmail.com
*Co-Counsel for Plaintiff Probity Enterprises, Inc.*

                                            /s/ James H. Greer
                                            James H. Greer, Trial Attorney
                                            Atty Reg. No: 0046555

5246.221106/852389

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PROBITY ENTERPRISES, INC., | * | CASE NO: 3:19-cv-85 |
| Plaintiff, | * | Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| | * | |
| vs. | | |
| | * | |
| LEGION LOGISTICS, LLC, | | |
| | * | |
| Defendant. | | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE
## BOUND TO STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action and attached hereto (the "Order"), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division in matters relating to the Order and understands that he/she is obligated to all of the protections and obligations set forth in the Order. The undersigned acknowledges that violation of the Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business: _____

Address _____
_____

Date:_____  _____
Signature

9